UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ODS CAPITAL LLC, Individually and On Behalf of All Others Similarly Situated,<br><br>                       Plaintiff,<br><br>      v.<br><br><br>QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI and ERIC X. CHEN,<br><br>                  Defendants. | Case No.  1:19-cv-00501-PAE<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ALTIMEO ASSET MANAGEMENT AND ODS CAPITAL LLC FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ......................................................................................................... 4

ARGUMENT ............................................................................................................................. 6

I.      ALTIMEO AND ODS SHOULD BE APPOINTED LEAD PLAINTIFFS ...................... 6

        A.      Altimeo and ODS are Willing to Serve as Class Representatives ......................... 7

        B.      Altimeo and ODS Have the "Largest Financial Interest" in the Action ................ 7

        C.      Altimeo and ODS Otherwise Satisfy the Requirements of Rule 23 ...................... 9

II.     LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED ......... 11

CONCLUSION ......................................................................................................................... 13

# **TABLE OF AUTHORITIES**

**Page(s)**

<u>**Cases**</u>

*Aude v. Kobe Steel, Ltd.*, 17-CV-10085,
   2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018)...........................................................9

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
   141 F.R.D. 229 (2d Cir. 1992)................................................................9

*Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*,
   2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018).....................................8

*Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*,
   2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12, 2018).......................................10

*Foley v. Transocean Ltd.*,
   272 F.R.D. 126 (S.D.N.Y. 2011) ............................................................10

*Glauser v. EVCI Career Colleges Holding Corp.*,
   236 F.R.D. 184 (S.D.N.Y. 2006) ........................................................3, 11

*In re Braskem S.A. Sec. Litig.*, 15 Civ. 5132 (PAE) *et al.*,
   2015 U.S. Dist. LEXIS 119183 (S.D.N.Y. Sept. 8, 2015)......................................11

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER),
   2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) ........................................8

*In re Doral Fin. Corp. Sec. Litig.*,
   414 F. Supp. 2d 398 (S.D.N.Y. 2006) .....................................................11

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir. 1992)..............................................................9

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) ..........................................................12

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) .......................................................8

*In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS),
   2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008) .......................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ...........................................................9

*In re Veeco Instruments, Inc.*,
   233 F.R.D. 330 (S.D.N.Y. 2005) ........................................................3, 11

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 113 (S.D.N.Y. 2010) ........................................................................9

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ..........................................................................9

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) ......................................................................11

*Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715 *et al.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)......................................8

*Micholle v. Ophthotech Corp.*, 17-CV-210 (VSB) *et al.*,
    2018 U.S. Dist. LEXIS 41120 (S.D.N.Y. Mar. 13, 2018) ...............................3, 11

*Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN),
    2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13, 2017).................................8

*Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ........................................................................8

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)................................................................12

## **Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ................................................................ *passim*

Private Securities Litigation Reform Act of 1995 .............................................. *passim*

## **Rules**

Fed. R. Civ. P. 23.............................................................................................. *passim*

Altimeo Asset Management and ODS Capital LLC (collectively, "Altimeo and ODS") respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Altimeo and ODS as Lead Plaintiffs in the above-caption action (the "Action") on behalf of all former owners Qihoo 360 Technology Co. Ltd. ("Qihoo 360" or the "Company") stock and American Depositary Shares ("ADSs") who: (a) sold shares, and were damaged thereby, during the period between January 11, 2016 and July 15, 2016, inclusive (the "Class Period"); and/or (b) held shares as of July 15, 2016; and (2) approving proposed Lead Plaintiffs' selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

It is critically important that a sophisticated institutional investor oversee the litigation of this action by experienced legal counsel.  The complaint in this action alleges a very significant fraud perpetrated on the investors in Qihoo 360, arising from a scheme by Qihoo 360 and certain of its officers and/or directors to depress the value of Qihoo 360's stock and ADSs in order to avoid paying a fair price to Qihoo 360's shareholders during a transaction to take the Company private (the "Merger").  *See generally* Dkt. No. 1 (the "Complaint").  The ability of Qihoo 360 investors to recover their losses arising from the alleged fraud rests up on the Court's appointment of the most qualified Lead Plaintiff and Lead Counsel pursuant to the procedure set forth in the PSLRA.  Altimeo and ODS are the best choice to serve as Lead Plaintiffs.  Their chosen counsel, Pomerantz, will devote the resources and expertise necessary to zealously prosecute this litigation, and is thus the best candidate to serve as Lead Counsel.

1

The Complaint in this action alleges that Qihoo 360 Technologies Inc. ("Qihoo 360" or the "Company") and the above-named individual defendants (collectively, the "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).   During the Class Period, Qihoo 360 and certain of its officers (collectively, "Defendants") allegedly defrauded investors, in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), by misrepresenting Qihoo 360's business and operations.   Qihoo 360 investors, including Altimeo and ODS, incurred significant losses resulting from the false and misleading statements made by Defendants in the proxy materials issued in connection with the merger, for the purpose of depressing the value of Qihoo 360 securities in order to avoid paying the Company's investors a fair price during Qihoo 360's purported going-private transaction.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Fed. R. Civ. P. 23.   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).   Altimeo and ODS, institutional investors that purchased 159,900 shares during Class Period, expended $11,967,407 on their purchases, sold 91,413 shares of their Qihoo 360 securities, and retained 148,100 shares of their Qihoo 360 securities at the end of the Class Period, believe that they have the largest financial interest in the relief sought in this action.[1]

---

[1] Altimeo is an institutional asset manager that manages investment assets through separate funds and is authorized to bring legal action on their behalves.   Prior to seeking appointment as Lead Plaintiff, Altimeo obtained a valid assignment of the claims of the affiliated fund Altimeo Optimum.   *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A.   Altimeo's President, Bernard Delattre, has authority to bind Altimeo Optimum, and in

Beyond their considerable financial interest, Altimeo and ODS also meet the applicable requirements of Rule 23 because their claims are typical of absent class members and will fairly and adequately represent the interests of the Class.  As sophisticated institutional investors, Altimeo and ODS are paradigmatic lead plaintiffs under the PSLRA, and their appointment would advance the legislative purpose of "increasing the role of institutional investors in class actions" in order to "benefit shareholders and assist courts by improving the quality of representation in securities class actions."  H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* U.S.C.C.A.N. 730, 733.  For this reason, courts in the Second Circuit strongly prefer appointment of institutional investors to lead complex securities class actions.  *See, e.g.*, *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one.") (quoting *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 332-33 (S.D.N.Y. 2005)); *Micholle v. Ophthotech Corp.*, 17-CV-210 (VSB) *et al.*, 2018 U.S. Dist. LEXIS 41120, at *17 (S.D.N.Y. Mar. 13, 2018) ("[C]ourts have a preference for appointing institutional investors as lead plaintiffs.").

In order to fulfill their responsibilities as lead plaintiff and vigorously prosecute this action on behalf of the Class, Altimeo and ODS have selected Pomerantz as Lead Counsel for the Class.  Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, and recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States.  Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

---

that capacity executed the foregoing assignment on behalf of the fund.  As such, all references herein to Altimeo's financial interest include that of Altimeo and Altimeo Optimum.

Accordingly, based on their very significant financial interest, and their commitment as sophisticated institutional investors to overseeing this litigation, Altimeo and ODS respectfully request that the Court enter an order appointing them as Lead Plaintiffs and approving their selection of Lead Counsel.

## STATEMENT OF FACTS

As alleged in the Complaint, this Action concerns a scheme by Qihoo 360 and certain of its officers and/or directors to depress the value of Qihoo 360's stock and ADSs in order to avoid paying a fair price to Qihoo 360's shareholders during a transaction to take the Company private, in violation of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder. Defendants executed this scheme by failing to provide shareholders adequate disclosure of all material information related to the Merger, and making false assurances about the fair value of Qihoo 360's stock and ADSs. As a result, Qihoo 360 shareholders were misled into accepting consideration from the Merger that was well below fair value for their Qihoo 360 shares.

Incorporated in 2005 under the laws of the Cayman Islands, Qihoo 360, formerly known as Qihoo Technology Company Limited, is purported to be the leading internet company in the People's Republic of China.

On December 18, 2015, Qihoo 360 announced that it had entered into a definitive merger agreement pursuant to which it would be acquired by a consortium of investors in an "all-cash transaction valued at approximately $9.3 billion, including the redemption of approximately $1.6 billion of debt." Pursuant to the terms of the merger agreement, "each of the Company's class A and class B ordinary shares issued and outstanding immediately prior to the effective time of the merger (the 'Shares') will be cancelled and cease to exist in exchange for the right to receive

US$51.33 in cash without interest, and each American Depositary Share ('ADS') of the Company, every two ADSs representing three class A ordinary shares, will be cancelled in exchange for the right to receive US$77.00 in cash without interest," except for certain Shares (the "Proposed Transaction").  The Merger was authorized and approved by a shareholder vote on March 30, 2016 during an extraordinary general meeting and became effective on July 15, 2016.

Prior to the shareholder vote, Defendants (as defined herein) issued a Preliminary Proxy Statement on January 11, 2016, an Amended Proxy Statement on February 8, 2016 ("Amendment No. 1"), a Second Amended Proxy Statement on February 26, 2016 ("Amendment No. 2"), a Third Amended Proxy Statement on March 3, 2016 ("Amendment No. 3") (collectively, the "Proxy") and a Final Amended Proxy Statement on July 15, 2016, all filed with the SEC in connection with the Merger.

Between December 18, 2015 and July 15, 2016, in order to convince Qihoo 360 stockholders to vote in favor of the Merger, Defendants authorized the filing of materially false and misleading statements with the SEC, in violation of Sections 10(b) and 20(a) of the Exchange Act.  The Proxy statements and Annual Report contained materially incomplete and/or misleading disclosures. Specifically, the Proxy and Annual Report are deficient and misleading as they fail to provide adequate disclosure of all material information related to the Merger. The Proxy and Annual Report also failed to disclose Qihoo 360's upcoming plan to relist its shares in the People's Republic of China.

Contrary to the Company's repeated reassurances about no substantial changes to its structures or relisting following the Merger, shortly after the going-private deal was closed, media news outlets reported on the Company's relisting plans.  For example, the Financial Times

reported on February 28, 2017, that materials used in fundraising "for the privitisation of Qihoo 360" also discussed the "return to the A Shares" market in China. This article described the "return to investors" upon an "exit" (i.e., a transaction allowing those taking Qihoo 360 private to "exit" their position through a relisting), stating that the return "may be as high as 5 [times]" the going-private price.

This deal, operating as a "backdoor listing," would allow Qihoo 360 to return to the stock market by relisting on the Shanghai Stock Exchange at a multiple, to the detriment of shareholders who unknowingly sold Qihoo 360's stock and ADSs at substantially deflated values during the Class Period as part of the scheme. Formally announced on November 6, 2017, the deal involved Shanghai-listed elevator-maker SJEC agreeing to buy Qihoo 360 through an asset swap and cash injection.

As a result of these material misrepresentations and omissions, Qihoo 360 shareholders were misled into accepting consideration from the Merger that was well below fair value for their Qihoo 360 shares.

## ARGUMENT

## I.   ALTIMEO AND ODS SHOULD BE APPOINTED LEAD PLAINTIFFS

Altimeo and ODS should be appointed Lead Plaintiffs because, to their knowledge, Altimeo and ODS collectively have the largest financial interest in the Action and otherwise satisfy the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any

such notice.  Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Altimeo and ODS satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Lead Plaintiffs for the Class.

### A.      Altimeo and ODS are Willing to Serve as Class Representatives

On January 17, 2019, counsel for plaintiff in this Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities fraud class action had been filed against Defendants and which advised investors in Qihoo 360 securities that they had until March 18, 2019 to file a motion to be appointed as lead plaintiff (the "PSLRA Notice").  *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. B.  Altimeo and ODS have filed the instant motion pursuant to the PSLRA Notice, and they have attached Certifications attesting that they are willing to serve as representatives for the Class, and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Altimeo and ODS satisfy the first requirement to serve as Lead Plaintiff of the Class.

### B.      Altimeo and ODS Have the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by

the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of their knowledge, Altimeo and ODS have the largest financial interest of any Qihoo 360 investors seeking to serve as Lead Plaintiff. For the purposes of lead plaintiff appointment, courts frequently assess financial interest based upon the factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, including, *inter alia*, the number of shares purchased and sold during the class period, the number of shares retained at the end of the Class Period, and the total net funds expended during the class period.  Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997).   In accord with other courts nationwide, these *Lax* factors have been adopted and routinely applied by courts in the Second Circuit.  *See, e.g.*, *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007); *Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, Altimeo and ODS collectively purchased 159,900 Qihoo 360 ADSs, expended $11,967,407 on their purchases, sold 91,413 Qihoo 360 ADSs,  and retained 148,100 Qihoo 360 ADSs at the end of the Class Period.  *See* Lieberman Decl., Ex. D.  To the extent that Altimeo and ODS possess the largest financial interest in the outcome of this litigation, they are the presumptive "most adequate" plaintiff.   15 U.S.C. §  78u-4(a)(3)(B)(iii)(I)(bb).

8

### C.       Altimeo and ODS Otherwise Satisfy the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."

At this stage of the litigation, only a *prima facie* showing of typicality and adequacy is required. *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007); *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018).   In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification.   Instead, "[t]he parties moving for lead plaintiff are only required to make a *prima facie* showing that they meet [the requirements of] Rule 23".   *Aude* 2018 U.S. Dist. LEXIS 57591, at *8; *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA").

The typicality requirement of Fed. R. Civ. P. 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"   *In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291) (2d Cir. 1992)).   "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'"   *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

Altimeo and ODS's claims are typical of those of the Class.  Altimeo and ODS allege, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning Qihoo 360.  Altimeo and ODS, as did all members of the Class, held Qihoo 360 securities during the Class Period, and was harmed by Defendants' alleged scheme to depress the value of Qihoo 360's stock and ADSs in order to avoid paying a fair price to the Company's shareholders.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at *6 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, Altimeo and ODS have retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits their choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  There is no evidence of antagonism or conflict between Altimeo and ODS's interests and the interests of the Class.  Altimeo and ODS have submitted signed Certifications declaring their commitment to protect the interests of the Class (*see* Lieberman

Decl., Ex. C), and the significant losses incurred by Altimeo and ODS demonstrate that they have a sufficient interest in the outcome of this litigation to ensure vigorous adequacy.

As noted above, Altimeo and ODS are sophisticated institutional investors with significant assets under management. As such, their appointment would be consistent with the PSLRA's preference for the appointment of institutional investors as class representatives in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Indeed, courts strongly prefer appointment of institutional investors to lead complex securities class actions. *See, e.g.*, *Glauser*, 236 F.R.D. at 188 ("[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one.") (quoting *In re Veeco Instruments*, 233 F.R.D. at 332-33); *Ophthotech*, 2018 U.S. Dist. LEXIS 41120, at \*17 ("[C]ourts have a preference for appointing institutional investors as lead plaintiffs."); *In re Braskem S.A. Sec. Litig.*, 15 Civ. 5132 (PAE) *et al.*, 2015 U.S. Dist. LEXIS 119183, at \*14 (S.D.N.Y. Sept. 8, 2015) (appointing as lead plaintiff "an institutional investor, the type of investor Congress prefers as lead plaintiff"); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 403 n. 8 (S.D.N.Y. 2006) (appointing as lead plaintiff a "large institutional investor . . . precisely the type of plaintiff envisioned under the PSLRA").

## II.    LEAD PLAINTIFFS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-

selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008)). *See also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Altimeo and ODS have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Lieberman Decl., Ex. E. Pomerantz is a premiere firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, and Paris, France. For more than 75 years, Pomerantz has represented defrauded investors. As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. Courts in this judicial district, the Second Circuit, and throughout the country have recognized Pomerantz's qualifications to serve as class counsel, and Pomerantz has recently been appointed lead counsel in actions including *Schiro v. CEMEX, S.A.B. de C.V.*, 1:18-cv-2352 (S.D.N.Y.); *Brady v. Top Ships Inc.*, 2:17-cv-4987 (E.D.N.Y.); *Smith v. Antares Pharma, Inc.*, 3:17-cv-8945 (D.N.J.) and *Kessman v. Myriad Genetics, Inc.*, No. 18-cv-336 (D. Utah).

As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the instant action, Altimeo and ODS's chosen counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Altimeo and ODS's selection

of Pomerantz as Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Altimeo and ODS respectfully request that the Court issue an Order: (1) appointing Altimeo and ODS as Lead Plaintiffs for the Class; and (2) approving their selection of Pomerantz as Lead Counsel for the Class.

Dated:  March 18, 2019                    Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Jonathan Lindenfeld
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com
Email: jlindenfeld@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Movants and*
*Proposed Lead Counsel for the Class*