**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ODS CAPITAL LLC, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        v.<br><br><br>QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI and ERIC X. CHEN,<br><br>                     Defendants. | Case No.  1:19-cv-00501-PAE<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ALTIMEO ASSET MANAGEMENT AND ODS CAPITAL LLC TO TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA |

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ........................................................................................................................ 4

      A.     This Action Could Have Been Brought in the Central District of California......... 4

      B.     This Action Should Be Transferred So That it Can be Consolidated With the California Action ..................................................................................................... 5

      C.     California is a More Efficient and Convenient Forum Than New York ................ 7

      D.     Altimeo's and ODS's Choice of Forum Supports Transfer................................... 8

CONCLUSION..................................................................................................................... 9

Altimeo Asset Management ("Altimeo") and Plaintiff ODS Capital LLC ("ODS"), who together are Lead Plaintiff Movants, respectfully submit this memorandum of law in support of their motion under 28 U.S.C. § 1404(a) to transfer this action to the United States District Court for the Central District of California ("Central District of California"), where a related action is pending.

## PRELIMINARY STATEMENT

This is a putative securities class action arising from a scheme by Qihoo 360 Technology Co. Ltd. ("Qihoo 360") and certain of its officers and directors to depress the value of Qihoo 360's stock and American Depository Shares ("ADS") in order to avoid paying a fair price to Qihoo 360's shareholders during a transaction to take the Company private (the "Merger").  All of the factors that courts consider when deciding whether to transfer an action under 28 U.S.C. § 1404(a) support transferring this action to the Central District of California.

A related action is pending in the Central District of California (the "California Action). Both this action and the California Action are putative securities class actions arising out of the Merger that are proceeding along the same schedule and involve the same parties.  The most efficient process is for these actions to be consolidated so they can proceed jointly.  Transferring this action to the Central District of California is the most sensible way to accomplish that goal.

These actions have a far greater connection to California than New York.  Defendant Eric Chen, the only Defendant currently known to have a physical presence in the United States, resides in California. Chen was Chairman of the Special Committee of Qihoo 360's Board of Directors that approved the Merger.  He will therefore be a crucial witness and possess key evidence in the consolidated action.  In addition, Beijing, China—where Qihoo 360 is based—is significantly closer to the Central District of California than to the Southern District of New

York.  The Central District of California is therefore a far-more convenient location for all Defendants and related witnesses than is the Southern District of New York.

Furthermore, Altimeo and ODS's—the only parties that have sought to be appointed Lead Plaintiff in either action—choice of seeking to pursue these actions in California carries great weight.  Altimeo chose to file its action in the Central District of California.  Although ODS originally filed this action here, since that time, it has chosen to proceed together with Altimeo.  On March 18, 2019, the Court approved ODS's decision to switch counsel so that it is now represented by Pomerantz LLC, the same counsel that Altimeo chose in California.  Altimeo and ODS have also chosen to move jointly to be appointed as Co-Lead Plaintiffs so they can work together in their joint prosecution of these actions.

Moreover, none of the parties or underlying events related to the Merger have any greater connection to New York than they do to anywhere else in the United States.  The Court should therefore grant Altimeo and ODS's motion to transfer this action to the Central District of California so that it can then be consolidated and proceed together with the related California Action.

## <u>STATEMENT OF FACTS</u>

This action alleges a very significant fraud perpetrated on the investors in Qihoo 360 arising from the Merger. (*See* Dkt. No. 1 ("Complaint")). There are currently two pending putative securities class actions arising out of these allegations—this action, which was filed on January 17, 2019, and the California Action, *Altimeo Asset Management v. Qihoo 360 Technology Co. Ltd., et al.*, Case No. 2:19-cv-01619 (C.D. Cal.), filed on March 5, 2019.  This action was filed by ODS and the California Action was filed by Altimeo.  On March 18, 2019, while both actions were pending, the Court approved ODS's request that Pomerantz LLP, which

was already counsel for Altimeo in the California Action, be substituted as ODS's counsel in this action.  (Dkt. Nos. 4 to 6).

Both this action and the California Action are at the same preliminary stage.  On March 18, 2019, which was the deadline under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for parties to move for appointment as Lead Plaintiff, Altimeo and ODS jointly moved in both actions to be appointed as Co-Lead Plaintiffs.  (Dkt. Nos. 7 to 9; California Action Dkt Nos. 10 to 12).  No other parties have moved for appointment as Lead Plaintiff and the deadline for doing so under the PSLRA has now passed.

This action and the California Action raise the same issues arising out of the Merger, involve the same parties, and are brought on behalf of the same putative Class.  (*See* Declaration of Michael Grunfeld ("Grunfeld Decl."), Ex. A).  The only question concerning consolidation of these actions is where the eventual consolidated putative securities class action should proceed. California is the most logical place for the consolidated securities class action to take place as between the Central District of California and the Southern District of New York.  The only Defendant that currently has a readily discernible physical presence in the United States is Defendant Dr. Eric Chen, who is located in California. (Dkt. No. 13, Ex. B (showing Chen was served with the Summons and Complaint at his place of business in California)).  Chen was a Qihoo Director and the Chairman of the Special Committee that approved the Merger. (Grunfeld Decl., Ex. B; Complaint ¶ 18).  He will therefore be a key witness in this action and will have crucial evidence to produce.  Moreover, Qihoo 360 is based in Beijing, China, along with the other Individual Defendants.  (Complaint ¶¶ 13-17, 29-30).  Beijing is significantly closer to Los Angeles than it is to New York City.  (Grunfeld Decl., Ex. C).  Defendants also do not have any

greater connection to New York than to any other location in the United States where they disseminated the Company's false and misleading statements related to the Merger.

In addition, Altimeo chose to file its action in the California. Although ODS filed this action in the New York, since that time, ODS has retained the same counsel as Altimeo, it has moved jointly with Altimeo to be appointed Co-Lead Plaintiff in both actions, and they now move together to transfer this action to the Central District of California.

## ARGUMENT

This action should be transferred to the Central District of California under 28 U.S.C. § 1404(a) so that it can then be consolidated with the California Action. "In deciding a motion to transfer, a court should first inquire whether the action could have been brought in the transferee district and, if yes, whether transfer would be an appropriate exercise of the Court's discretion." *Ahrens v. CTI BioPharma Corp.*, 16 Civ. 1044 (PAE), 2016 U.S. Dist. LEXIS 66139, at *6 (S.D.N.Y. May 19, 2016) (internal quotation marks omitted). All of the factors that courts consider when deciding whether to transfer an action favor transferring this action to the Central District of California.

### A.    This Action Could Have Been Brought in the Central District of California

This action "could have been brought in the" Central District of California, where the California Action was brought. *Ahrens*, No. 2016 U.S. Dist. LEXIS 66139, at *6. Where a putative securities class action alleges misstatements that "were widely disseminated and defrauded a nationwide class, plaintiffs could theoretically have brought suit under section 27 [of the Exchange Act] in any district in the United States." *In re Geopharma Sec. Litig.*, No. 04 Civ. 9463 (SAS), 2005 U.S. Dist. LEXIS 8885, at *4 n.12 (S.D.N.Y. May 11, 2005); *see also Zagami v. Cellceutix Corp.*, No. 15 Civ. 7194 (KPF), 2016 U.S. Dist. LEXIS 74638, at *10-11 (S.D.N.Y. June 8, 2016) (holding "[m]isrepresentations 'occur' not only in the district in which they are

made, but also the district or districts in which they are received"); 15 U.S.C § 78aa.  The Complaint here is brought on behalf of a nationwide Class of former owners of Qihoo stock and ADS, which "were listed and traded on the New York Stock Exchange ('NYSE')," and is based on Defendants' materially false and misleading statements that were received by putative Class Members throughout the country.  (Complaint ¶¶ 1, 11, 21-30).  Venue is therefore proper in the Central District of California.

Moreover, "[u]nder the general venue statute, a defendant not resident in the United States 'may be sued in any judicial district.'"  *In re Poseidon Concepts Sec. Litig.*, No. 13cv1213 (DLC), 2016 U.S. Dist. LEXIS 68127, at *23 (S.D.N.Y. May 24, 2016) (holding venue was proper for Section 10(b) claim).  Because Qihoo and the Individual Defendants other than Chen (who is located in California) are located in China, this action can be brought against them in the Central District of California.

### B.      This Action Should Be Transferred So That it Can be Consolidated With the California Action

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation of related cases is appropriate where combining those actions would avoid unnecessary cost, delay and overlap in adjudication because the multiple actions involve common questions of law and fact.  *See also* Manual for Complex Litigation (Third), § 20.123 (1995).  Both this action and the California Action are putative securities class actions arising out of the Merger.  Consolidating them before the same court is standard practice and will allow them to proceed most efficiently. *See In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same); *Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (holding that consolidation of securities class actions is particularly appropriate where the complaints are

based on the same statements and the defendants will not be prejudiced); *In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4–8 (S.D.N.Y. July 29, 2009).

The fact that the California Action is pending supports transferring this action to the Central District of California so the two related actions can be consolidated. "It is well established that the existence of a related action pending in the transferee court weighs heavily towards transfer." *APA Excelsior III L.P. v. Premiere Techs., Inc.*, 49 F. Supp. 2d 664, 668 (S.D.N.Y. 1999); *Vinci v. Vf Outdoor, LLC*, No. 2:17-cv-00091, 2018 U.S. Dist. LEXIS 115489, at *17-19 (D. Vt. July 10, 2018) (transferring action to California so it can be consolidated with related matters pending there); *Ahrens*, 2016 U.S. Dist. LEXIS 66139, at *9 (holding that Western District of Washington is "the more convenient district for the parties, who are already engaged in federal litigation in a parallel case in that District; thus transfer will promote trial efficiency and the interests of justice"); *Canal Air, LLC v. EI Transp. Co.*, LLC, No. 3:13-CV-334 (MAD/DEP), 2013 U.S. Dist. LEXIS 200240, at *21-23 (N.D.N.Y. Apr. 22, 2013) (holding that "[t]he possibility of consolidation may be a significant factor in transferring an action to the district where the other case is pending" (internal quotation marks omitted)); *Hilti Aktiengesellschaft v. Milwaukee Elec. Tool Corp.*, No. 04-CV-629 (ARR)(ASC), 2004 U.S. Dist. LEXIS 16373, at *27-28 (E.D.N.Y. July 19, 2004) (transferring action to district where a related case was pending); *Capital Venture Int'l v. Network Commerce, Inc.*, 01 CIV 4390 (JSM), 2002 U.S. Dist. LEXIS 4450, at *5-7 (S.D.N.Y. Mar. 14, 2002) (same); *Comprehensive Care Corp. v. Bank of Tokyo Tr. Co.*, No. 90 Civ. 4387 (MJL), 1991 U.S. Dist. LEXIS 10433, at *13-14 (S.D.N.Y. July 29, 1991) ("Courts have long recognized the value of transferring cases so that related claims can be adjudicated in the same forum").

## C.   California is a More Efficient and Convenient Forum Than New York

Factors that courts consider to assess which forum is most efficient, including the convenience of the parties and witnesses, and where evidence is located, direct this action to California.  *See Ahrens*, 2016 U.S. Dist. LEXIS 66139, at *6.  The only Defendant that has been identified as having a physical presence in the United States is Defendant Chen, who is located in California.  Plaintiffs have served him with process at his place of business in California.  (*See* Dkt. No. 13, Ex. B).[1]  Chen was the Chairman of the Special Committee of Qihoo's Board of Directors that approved the Merger.  (Grunfeld Decl., Ex. B).  He will therefore serve as a crucial witness and possess key evidence in this action.  *See Enigma Software Grp. USA, LLC v. Malwarebytes Inc.*, 260 F. Supp. 3d 401, 412 (S.D.N.Y. 2017) (holding that "[t]he factors of convenience to the witnesses, convenience to the parties, and the locus of operative events, all favor transfer"); *Ahrens*, 2016 U.S. Dist. LEXIS 66139, at *9 (holding that the "Western District of Washington is the more convenient district for the likely witnesses in this case"); *Bent v. Zounds Hearing Franchising, LLC*, No. 15 Civ. 6555 (PAE), 2016 U.S. Dist. LEXIS 3617, at *22-23 (S.D.N.Y. Jan. 12, 2016) (holding that "the vast majority of operative facts here occurred outside of New York, and Arizona presents, on balance, the more convenient forum for all parties and witnesses to this action"); *SBAV LP v. Porter Bancorp, Inc.*, 13 Civ. 372 (PAE), 2013 U.S. Dist. LEXIS 96399, at *35-36 (S.D.N.Y. July 10, 2013) (transferring action where "the locus of the events at issue and the most critical evidence are centered in Kentucky").

---

[1]  Plaintiffs have also attempted to serve Defendant Qihoo in the United States, through Corporation Service Company in New York, which Qihoo listed as its "agent for service of process in the United States" in its last annual report that it filed with the SEC before the Merger. (Grunfeld Decl., Ex. D).  But Corporation Service Company has rejected this service for reasons that are not clear.  (Dkt. No. 13, Ex. C).  Moreover, the presence of Qihoo's third-party agent for service of process does not as a practical matter make litigation activities in New York any more efficient or convenient.

In addition, Beijing, China, where Qihoo 360 is based, is significantly closer to Los Angeles than to New York City.  (*See* Grunfeld Decl., Ex. C).  The Central District of California will therefore be a much more convenient forum than the Southern District of New York for parties and witnesses traveling from China.  *See Pecoware Co. v. Posh Int'l Ltd (USA)*, No. 03 Civ. 6535 (LAK), 2004 U.S. Dist. LEXIS 1353, at *2-3 (S.D.N.Y. Feb. 4, 2004) (transferring action to Central District of California where "all of the witnesses to be provided by any of the parties are from California or the Far East" because "[t]he convenience of the parties and witnesses obviously would be served by litigating a continent's-width closer to their home bases, a fact as true of any Chinese witnesses as of those associated with the parties"); *see also Longyu Int'l Inc. v. E-Lot Elecs. Recycling Inc.*, No. 2:13-cv-07086-CAS(JCGx), 2014 U.S. Dist. LEXIS 59544, at *19-20 (C.D. Cal. Apr. 29, 2014) (holding that "[f]lying from China to the Central District of California will be more convenient for those witnesses than flying to the Northern District of New York").

Because Chen is based in California, the Central District of California is a more convenient forum for parties based in China, and no Defendants have any greater presence in New York than in anywhere else in the United States (where Defendants uniformly disseminated false and misleading statements related to the Merger), considerations of efficiency and convenience strongly favor transferring this action to the Central District of California.

**D.**     **Altimeo's and ODS's Choice of Forum Supports Transfer**

This action should be also transferred to the Central District of California because both Altimeo and ODS seek to pursue this action there.  A plaintiff's choice of forum is accorded great weight in deciding a motion to transfer.  *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006) (holding plaintiff's choice of forum is "given great weight"); *E. Mishan &*

*Sons, Inc. v. Smart & Eazy Corp.*, 2018 U.S. Dist. LEXIS 209686, at *28 (S.D.N.Y. Dec. 12, 2018) (holding that the plaintiff's choice of forum "is given considerable weight"); *Ahrens*, 2016 U.S. Dist. LEXIS 66139, at *11 (noting that "no plaintiff here opposes the motion to transfer").

Altimeo filed its action in the Central District of California. Although ODS originally filed this action in New York, it has since aligned itself with Altimeo and now seeks to have both this action and the California Action consolidated in California. ODS has chosen (1) to move together with Altimeo to be Co-Lead Plaintiffs, (2) to be represented by the counsel that Altimeo originally chose when filing the California Action, and (3) to make this motion with Altimeo to transfer this action to the Central District of California.  (Dkt. Nos. 6, 8).

The Plaintiffs' choice of forum—as well as all of the other factors that courts consider when deciding whether to transfer an action—therefore support transferring this action to the Central District of California so that it can be consolidated with the California Action.

## <u>CONCLUSION</u>

For the foregoing reasons, Altimeo and ODS respectfully request that the Court transfer this action to the Central District of California under 28 U.S.C. § 1404(a).

Dated:  April 15, 2019                              Respectfully submitted,

                                                                  POMERANTZ LLP

                                                                  */s/ Michael Grunfeld*
                                                                  Jeremy A. Lieberman
        Michael Grunfeld
        600 Third Avenue, 20th Floor
        New York, NY 10016
        Telephone: (212) 661-1100
        Facsimile: (212) 661-8665
        Email: jalieberman@pomlaw.com
        Email: mgrunfeld@pomlaw.com

        POMERANTZ LLP
        Patrick V. Dahlstrom
        Ten South LaSalle Street, Suite 3505

Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Plaintiff and Lead Plaintiff Movants*
*and Proposed Lead Counsel for the Class*