**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ODS CAPITAL LLC, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>              v.<br><br>QIHOO 360 TECHNOLOGY CO. LTD., HONGYI ZHOU, XIANGDONG QI and ERIC X. CHEN,<br><br>                              Defendants. | Case No.  1:19-cv-00501-PAE<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF ALTIMEO ASSET MANAGEMENT AND ODS CAPITAL LLC FOR RECONSIDERATION OF APRIL 18, 2019 ORDER**

Altimeo Asset Management ("Altimeo") and Plaintiff ODS Capital LLC ("ODS" and, collectively, "Lead Plaintiff Movants") respectfully submit this memorandum of law in support of their motion for the Court to reconsider its dismissal of this action and its denial of Lead Plaintiff Movants' Motion to Transfer this action to the United States District Court for the Central District of California ("Central District of California").[1]

## <u>INTRODUCTION</u>

On April 18, 2019, the Court dismissed this action without prejudice in response to Lead Plaintiff Movants' Motion to Transfer. The Court determined that dismissal without prejudice was the most efficient course of action because it "will enable Lead Plaintiff Movants to obtain the relief they seek while preserving defendants' ability to argue, in a future action, that transfer to this District, or another District, is appropriate." (Dkt. No. 18 ("Order") at 2). The Court did not consider, however, the implications that dismissal might have on the statute of limitations in light of the fact that the California Action was filed after this action. Nor did Lead Plaintiff Movants discuss that issue in their Motion to Transfer because dismissal was not part of the relief contemplated. Although the California Action is timely, Lead Plaintiff Movants seek to avoid the possibility and accompanying prejudice of Defendants raising any argument to the contrary.

In addition, the Court need not be concerned about Defendants' ability to respond to the Motion to Transfer because Defendants Qihoo 360 and Chen are represented by counsel and were served with the Motion to Transfer prior to its filing. Lead Plaintiff Movants have also notified counsel for Defendants Qihoo 360 and Chen of Lead Plaintiff Movants' intention to file this Motion and understand that counsel for those defendants plan to appear in this action and to notify the Court of their position on this Motion.

---

[1] Terms not defined herein have the same meaning as in the Motion to Transfer (Dkt. Nos. 14-16).

For these reasons, Lead Plaintiff Movants respectfully request that the Court reconsider its dismissal, reinstitute this Action, and grant Lead Plaintiff Movants' Motion to Transfer.

## ARGUMENT

A district court may amend its judgment under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3. *See* Fed. R. Civ. P. 59(e) (allowing a party to file "[a] motion to alter or amend a judgment"); Fed. R. Civ. P. 60(b) (allowing reconsideration for, among other things, "mistake," "newly discovered evidence" or "any other reason that justifies relief"). The court may grant reconsideration where the moving party "point[s] to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) ("The standards governing motions to alter or amend judgment pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same."). Reconsideration is also justified by "the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Plugh*, 648 F.3d 118, 124 (2d Cir. 2011); *see also Badian v. BrandAid Commc'ns. Corp.*, No. 03 Civ. 2424 (DC), 2005 U.S. Dist. LEXIS 8395, at *6 (S.D.N.Y. May 6, 2005) (holding Rule 60(b)(1) allows for reconsideration "where a court may have overlooked certain parties' arguments or evidence in the record"); *Rumsey v. N.Y. State Dep't of Corr. Servs.*, 580 F. Supp. 1052, 1055-56 (N.D.N.Y. 1984) (granting reconsideration where court may have overlooked triable issues of fact).

When the district court dismisses an action without notice that it was considering dismissal, the plaintiff may present additional evidence on a motion for reconsideration. *See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, No. 00-1898, 2016 U.S. Dist. LEXIS 51669, at *18 (S.D.N.Y. Apr. 15, 2016) (granting reconsideration based on additional evidence that the

Court considered "due to the unusual procedural posture of this case").  Moreover, it is well-established in the Second Circuit that plaintiffs should be provided notice of the possibility of dismissal so that they have "the opportunity to present their best arguments in opposition." *Perez v. Ortiz*, 849 F.2d 793, 798 (2d Cir. 1988) (reversing dismissal where defendants did not "seek the relief that was granted"); *see also First Fin. Ins. Co. v. Allstate Interior Demolition Corp.*, 193 F.3d 109, 120 (2d Cir. 1999) (reversing district court's "granting summary judgment without giving the parties notice that it was planning to do so"); *Coach Leatherware Co. v. AnnTaylor, Inc.*, 933 F.2d 162, 167 (2d Cir. 1991) (holding that summary judgment may not be entered against the moving party unless "the facts before the district court were fully developed so that the moving party suffered no procedural prejudice").

Claims brought under Section 10(b) of the Securities Exchange Act of 1934, such as the claims raised in the Complaint here, must be brought within two years after "a reasonably diligent plaintiff would have discover[ed] the facts constituting the violation." *Merck & Co. v. Reynolds*, 559 U.S. 633, 649, 653 (2010) (internal quotation marks omitted).  This Action was brought on January 17, 2019.  (Dkt. No. 1).  The California Action was brought several weeks later, on March 5, 2019.  (Dkt. No. 16, Ex. A).  Both actions are premised on Defendants' material misrepresentations and omissions related to their failure to disclose their plans to relist Qihoo 360's shares in China after taking the Company private.  (*See* Complaint ¶¶ 6, 28; Dkt. No. 16, Ex. A ¶¶ 6, 30).

The California Action is timely because the backdoor listing at the center of both actions was not announced until November 6, 2017, which was under two years before the California Action was filed on March 5, 2019.  (Complaint ¶ 8; Dkt. No. 16, Ex. A ¶ 8).  Even so, on February 28, 2017, the *Financial Times* reported that materials used in fundraising for the Merger also

discussed the return of the Company to the stock market in China. (Complaint ¶ 7; Dkt. No. 16, Ex. A ¶ 7).  The *Financial Times* article described the "return to investors" upon an "exit" (*i.e.*, a transaction allowing those taking Qihoo 360 private to "exit" their position through a relisting), stating that the value "may be as high as 5 [times]" the going-private price in the Merger.  (*Id.*).  While this article did not start the two-year discovery period under the Exchange Act because the backdoor listing had not yet been announced, Defendants might argue otherwise.

Lead Plaintiff Movants did not address in their Motion to Transfer how the dismissal of this Action would affect statute of limitations issues because they were not on notice that dismissal was a possibility.  *See First Fin. Ins.,* 193 F.3d at 115, 119-20 (holding that where district court converted motion to dismiss selected counterclaims into "one for summary judgment on the underlying claim," the plaintiff should have notice of potential dismissal so that it may "come forward with all of its evidence and arguments").  In addition, there was no reason for Lead Plaintiff Movants to address in the opening a brief of their Motion to Transfer a defense that Defendants might seek to raise against them.  Even though Lead Plaintiff Movants view any statute of limitations defense in the California Action as meritless, now that the Court has dismissed this Action, Lead Plaintiff Movants raise this issue to avoid the prejudice that would result if Defendants have the opportunity to raise that defense.  *See MTBE,* 2016 U.S. Dist. LEXIS 51669, at *18 (granting reconsideration based on "new evidence" concerning personal jurisdiction after the court *sua sponte* vacated its prior statute of limitations opinion because "it was only then that the Commonwealth 'had reason to note [it] should have submitted'" evidence on that issue).  If Defendants can raise the statute of limitations defense at issue, Lead Plaintiff Movants would, at the very least, be forced to expend additional resources to respond to that argument and would also face the risk that the court in the California Action might incorrectly rule in Defendants' favor.

That unnecessary prejudice would be avoided entirely by transferring this earlier-filed Action to the Central District of California and consolidating it with the California Action.

The Court here was also concerned that "defendants have not yet appeared in this action. As a result, they have been unable to express a view as to Lead Plaintiff Movants' motion to transfer." (Order at 2). This is not an issue because Defendants Qihoo 360 and Chen are represented by counsel in this Action. Lead Plaintiff Movants served Qihoo 360 and Chen with the Motion to Transfer through their counsel and will serve them with this Motion for Reconsideration. Lead Plaintiff Movants have also notified counsel for Defendants Qihoo 360 and Chen of Lead Plaintiff Movants' intention to file this Motion and understand that counsel for those defendants plan to appear in this action and to notify the Court of their position on this Motion.[2] Defendants will therefore have the opportunity to state their position on the Motion to Transfer if they so choose.

## CONCLUSION

For the foregoing reasons and the reasons discussed in Lead Plaintiff Movants' Motion to Transfer, the Court should (1) reverse its dismissal of this Action and (2) grant the Motion to Transfer.

Dated: April 25, 2019                    Respectfully submitted,

                                         POMERANTZ LLP

                                         */s/ Michael Grunfeld*
                                         Jeremy A. Lieberman
                                         Michael Grunfeld
                                         600 Third Avenue, 20th Floor
                                         New York, NY 10016
                                         Telephone: (212) 661-1100
                                         Facsimile: (212) 661-8665

---

[2] Lead Plaintiff Movants are prepared to submit a declaration attesting to these facts at the Court's request, but refrain from doing so unless requested based on Local Civil Rule 6.3 (stating that "[n]o affidavits shall be filed by any party unless directed by the Court").

Email: jalieberman@pomlaw.com
Email: mgrunfeld@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

*Counsel for Plaintiff and Lead Plaintiff Movants
and Proposed Lead Counsel for the Class*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 25, 2019, a copy of the foregoing was filed electronically via the Court's CM/ECF system.  Notice of this filing will be sent by e-mail and U.S. mail to counsel for Defendants Qihoo 360 Technology Co. Ltd. and Eric X. Chen. Parties may also access this filing through the Court's CM/ECF System.

*/s/ Michael Grunfeld*
Michael Grunfeld